**Otto W. HEIDER, Sr., and Irene E. Lawrence, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 19334.

United States Court of Appeals Ninth Circuit.

June 15, 1965.

Rehearing Denied Aug. 5, 1965.

---

**696**

William E. Dougherty, H. Myron Gleason, Portland, Or., for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, Norman Sepenuk, Jack M. Cotton, Attys., Dept. of Justice, Washington, D. C., Sidney I. Lezak, U. S. Atty., Charles H. Habernigg, Asst. U. S. Atty., Portland, Or., for appellee.

Before MERRILL and KOELSCH, Circuit Judges, and JAMESON, District Judge.

MERRILL, Circuit Judge:

In this appeal from conviction of tax evasion appellants' general position is that the District Court failed to exercise that care and restraint which is necessary if it is to escape the pitfalls inherent in the net-worth method of establishing guilt of this crime. Holland v. U. S., 348 U.S. 121, 129, 75 S.Ct. 127, 99 L. Ed. 150 (1954). We cannot agree. The case was tried to the court without jury and the court, in a written opinion, has carefully considered the disputed aspects of the case.[1] Before us appellants renew many of the contentions made below which were dealt with by the District Court. Upon all of these we agree with the District Court for the reasons set forth in its opinion.

■ Appellants' principal contention is that the evidence establishes the facts to be contrary to the factual determinations of the District Court as incorporated in its written opinion. Specifically, appellants refer to the facts respecting their intent to defraud, the opening net-worth statements, the River Bend garage inventory, prepaid insurance, the "cash hoard," the Sheridan Church loan, and certain loans receivable. In general, appellants attack the sufficiency of proof respecting appellant Lawrence. In all of these respects we conclude from the record that the findings are not clearly erroneous.

■ Appellants also contend that the court erred in failing to give due consideration to an asserted failure of proof by the United States in certain other respects. We find no merit in these contentions. As to the establishing of "middle balances" as of December 31, 1953, there is evidence that these balances were based upon the same sources of information as were opening (December 31, 1952), and closing (December 31, 1954), balances which appellants had stipulated were correct. As to static real estate and certain personal chattels, it appears that the balances of these assets remained constant throughout the period, and that if inaccuracies existed they would offset themselves and eliminate prejudice.

We find no basis whatsoever for appellants' remaining contentions that the court prejudged the question of intent and shifted the burden of proof to appellants; that there was undue delay in presenting charges to the Grand Jury and in bringing appellants to trial; that they were not provided with an adequate and timely bill of particulars.

Judgment affirmed.

---

1. The District Court opinion appears sub nom., United States v. Heider, 231 F.Supp. 223 (D. Or.1964).